IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | Criminal Case No. GLR-14-0133 |
| EDWARD JAMES MAYCOCK, JR. | * | |

\* \* \*

**<u>MEMORANDUM AND ORDER</u>**

Pending before the Court is Defendant Edward James Maycock, Jr.'s ("Defendant") Motion for Compassionate Release to Home Detention pursuant to 18 U.S.C. § 3582(c)(1)(A). (ECF No. 63). The Motion is ripe for disposition and no hearing is necessary. <u>See</u> Local Rule 105.6 (D.Md. 2018). For the reasons outlined below, the Motion will be denied.

On July 24, 2014, the Defendant plead guilty to Distribution of Images of a Minor Engaged in Sexually Explicit Conduct in violation of 18 U.S.C. §§ 2252(a)(2) and (b)(1). (ECF No. 20). The parties sought to have the Court bind itself to a term of imprisonment of 150 months, followed by a term of life time supervised release pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C). (ECF No. 21). The offense carried a minimum mandatory sentence of five years imprisonment and a maximum of twenty years imprisonment. The Court declined to bind itself to the requested sentence. On April 1, 2015, the Defendant entered into an amended plea agreement, seeking to have the Court bind intself to a term of imprisonment range between 168 and 210 months followed by life time surpvised release. (ECF No. 30). On April 10, 2015, the Court sentenced the Defendant to 192 months imprisonment followed by life time supervised release. (ECF No. 32). On April 4, 2020, the Defendant filed the present motion.

Ordinarily, "[t]he court may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c) (2018); <u>see</u> <u>Dillon v. United States</u>, 560 U.S. 817, 824 (2010); <u>United States v.

Goodwyn, 596 F.3d 233, 235 (4th Cir. 2010). This general rule is subject to certain exceptions set forth in the statute, only one of which is arguably applicable here. 18 U.S.C. § 3582(c); Goodwyn, 596 F.3d at 235 (identifying the then-applicable statutory exceptions). Under what is known as the compassionate release provision, the Bureau of Prisons ("BOP") may seek a modification of a prisoner's sentence. 18 U.S.C. § 3582(c)(1)(A). Under the First Step Act of 2018, the compassionate release provision was modified to also allow prisoners to seek a sentencing reduction directly from the Court. The provision now states, in relevant part, that:

> The court may not modify a term of imprisonment once it has been imposed except that:
>
> (1) in any case that—
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction;
>
> \* \* \*
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

Id.

Under the plain language of the statute, the Court may not consider a request for a sentence reduction unless the prisoner has exhausted administrative remedies, either by submitting a request to the Warden of the prison of incarceration and exhausting all appeal rights relating to the request, or by waiting for a period of thirty days following the Warden's receipt of the request. See id. This

Court has recently analyzed the question whether this requirement may be waived and has concluded that it may not. See United States v. Underwood, No. TDC-18-0201, 2020 WL 1820092 at *2–3 (D.Md. Apr. 10, 2020) (citing Ross v. Blake, 136 S.Ct. 1850, 1857 (2016)).

Here, Maycock has not demonstrated he has satisfied the exhaustion requirement in 18 U.S.C. § 3582(c)(1)(A). Thus, the Court lacks legal authority to grant that request. Accordingly, it is hereby ORDERED that Maycock's Motion for Modification of Sentence (ECF No. 63) is DENIED.

May 12, 2020

/s/
_____
George L. Russell, III
United States District Judge