IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| EDWARD JAMES MAYCOCK, JR., | * | |
| Petitioner | * | |
| v | * | Criminal Case GLR-14-00133 |
| UNITED STATES OF AMERICA, | * | Civil Action No.: GLR-23-1257 |
| Respondent | * | |

\* \* \*

## MEMORANDUM OPINION

PENDING before the Court is a Motion to Vacate pursuant to 28 U.S.C. § 2255 filed by pro se Petitioner Edward James Maycock, Jr. (ECF No. 86). In response, Respondent seeks dismissal of the Motion as both time-barred and procedurally defaulted. (ECF No. 96). Maycock has filed a Reply (ECF No. 102) which he captions as a "Motion for Order to Show Cause Fed. Rules of Civ. Procedure Rule 7(b)." For the reasons stated below, the Motion to Vacate shall be dismissed.

## I. BACKGROUND

On March 20, 2014, Maycock was charged on five counts: distribution of child pornography in violation of 18 U.S.C. § 2252(a)(2); receipt of child pornography in violation of 18 U.S.C. §2252(a)(2); and three counts of possession of child pornography in violation of 18 U.S.C. § 2252(a)(5)(B). (ECF No. 1).

On June 24, 2014, Maycock signed a plea agreement in which he agreed to plead guilty to Count One of the indictment (distribution of child pornography). The plea agreement was filed in this Court on July 24, 2014. (ECF No. 21). A sentencing hearing

was scheduled for October 10, 2014. Prior to the sentencing date, this Court rejected the plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(5).

After several postponements, the parties handed up an amended plea agreement to the Court on April 1, 2015. (Plea Agreement, ECF No. 96-4; Transcript, ECF No. 96-5). The Court reviewed the new terms of the plea agreement and ensured that the Defendant wanted to proceed. (Transcript at 3–7). The amended plea agreement was entered into and provided for an agreed upon term of between 168 months and 210 months of imprisonment, as well as lifetime supervised release, forfeiture, and restitution. (Plea Agreement at 5, 7; Transcript at 5–8). Specifically with regard to restitution, Maycock agreed for an order of $4,000 to be paid to two victims. (Transcript at 14–15). Maycock stated he was willing to proceed with the amended plea agreement. (Id. at 7). All remaining advisements as well as the factual basis for the plea from the guilty plea on July 24, 2014 were incorporated into the amended plea agreement. (Id. at 6–7). After reviewing the Defendant's rights and the new terms and conditions in the amended plea agreement, the Court proceeded immediately to a sentencing hearing. This Court then sentenced Maycock, as stated in the terms of the amended plea agreement, to imprisonment for a term of 192 months with credit for time served since February 6, 2014, followed by supervised release for a term of life. (Id. at 31–32, 34). Maycock was also ordered to pay a special assessment of $100.00, as well as the agreed upon $4,000.00 in restitution. (ECF No. 32).

On January 7, 2016, Maycock filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, and on March 15, 2016, the Government responded. (ECF Nos. 34, 41). After Maycock was appointed counsel, he filed a

Supplemental Motion to Vacate alleging that "trial counsel was ineffective for failing to explain that, in order to be convicted of distribution, the government would have to prove that he intended to share or knowingly shared child pornography. And trial counsel was ineffective for advising Mr. Maycock to plead guilty to distribution of child pornography when he did not intend to share the file, he is alleged to have distributed." (Supp. Motion Vacate at 2, ECF No. 49).

After the Government responded on October 10, 2018 (ECF No. 52), Maycock filed a Motion to Withdraw his § 2255 Motion along with a consent motion filed by his attorney on October 22, 2018. (ECF Nos. 53, 54). On October 22, 2018, the Court granted the Motion to Withdraw and ordered the case closed. (ECF No. 55).

On April 6, 2020, Maycock filed a Motion for Compassionate Release, which was opposed by the Government on April 9, 2020, and denied by this Court on May 12, 2020. (ECF Nos. 63, 64, 69).

On September 21, 2020, Maycock filed another Motion to Vacate, under 28 U.S.C. § 2255 (Civil Action GLR-20-02719) and claimed "[his] last one [was] withdrawn because of ill advisement on behalf of my attorney back in October of 2018." (ECF No. 75). On October 1, 2020, the Court granted Maycock 60 days to file an Amended Petition. (ECF No. 76). This Court also advised that because the § 2255 motion may be time-barred, Maycock should include in the Amended Motion any explanation he may have why the Petition should be considered timely and/or why principles of equitable tolling apply. (Id.)

On December 22, 2020, Civil Action GLR-20-2719 was closed because Maycock never filed an Amended Motion, nor did he respond in anyway as required by the Court's Order. (ECF No. 77).

On January 26, 2021, Maycock filed a Motion to Reopen Civil Action GLR-20-2719, stating he never received the Order granting him time to amend his Motion. (ECF No. 78). On March 23, 2021, the Court denied the Motion to Reopen by marginal Order. (ECF No.79).

On May 11, 2023, Maycock filed this Motion to Vacate under 28 U.S.C. § 2255 alleging that his actions did not meet the criteria set forth in 18 U.S.C. § 2252(a)(2). (ECF No. 86).

As noted, the Government has responded and asserts the Motion must be denied because it has been filed outside of the one-year limitations period; the claims are procedurally defaulted and Maycock may not credibly raise an actual innocence claim; and he has waived his ability to challenge matters related to the prosecution. (ECF No. 96).

In his Reply, Maycock attempts to bolster his actual innocence claim with a convoluted argument alleging there was no evidentiary support of a crime; his conviction is "totally devoid of evidentiary support proving [his] actions 'affected interstate commerce;'" there is no evidence "showing the 'substantive' nexus of 'minimum contacts' doing business in actual commerce in 'diversity of jurisdictions' giving rise to Congress Commerce Regulation Powers;" and his conviction is "devoid of any actual factual 'case or controversy; with legal right to 'jurisdictional judicial cognizance' standing." (Reply at 2, ECF No. 102).

4

## II.   DISCUSSION

Under the provisions of 28 U.S.C. §2255, the limitation period runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

When a Motion to Vacate is filed outside the one-year time limit it is subject to dismissal. See In re Vassell, 751 F.3d 267, 272 (4th Cir. 2014) (denying application for successive Motion to Vacate because it would be untimely); United States v. Mathur, 685 F.3d 396, 397 (4th Cir. 2012) (affirming dismissal of Motion to Vacate as untimely where motion was filed beyond one-year limitation and did not fall within purview of § 2255(f)(3)). Here, Maycock's conviction was final 14 days after he was sentenced on April 1, 2015 because he did not appeal his conviction. See Clay v. United States, 537 U.S. 522, 532 (2003) (§ 2255 one-year limitation period starts to run when time for filing a direct

appeal expires). Maycock filed this Motion to Vacate on May 11, 2023, eight years after his conviction was final.

"[T]he one year limitation period is . . . subject to equitable tolling in 'those rare instances where' due to circumstances external to the party's own conduct 'it would be unconscionable to enforce the limitation against the party.'" Hill v. Braxton, 277 F.3d 701, 704 (4th Cir. 2002), citing Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000). To be entitled to equitable tolling, Maycock must establish that either some wrongful conduct by Respondents contributed to his delay in filing his petition or that circumstances that were beyond his control caused the delay. See Harris, 209 F.3d at 330. "[A]ny resort to equity must be reserved for those rare instances where . . . it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Id. Maycock appears to rely on a claim of actual innocence to excuse the untimely filing of his Motion.

Actual innocence is an "equitable exception to § 2244(d)(1), not an extension of the time statutorily prescribed." McQuiggin v. Perkins, 569 U.S. 383, 391 (2013) (emphasis in original). "[A] credible showing of actual innocence may allow a prisoner to pursue his constitutional claims on the merits notwithstanding the existence of a procedural bar to relief." Id. at 392. The merits of a petition which is concededly time-barred, may be reached if "new evidence shows 'it is more likely than not that no reasonable juror would have convicted [the petitioner].'" Id. at 395 (quoting Schlup v. Delo, 513 U.S. 298, 329 (1995)). In the context of an untimely petition, "[u]nexplained delay in presenting new evidence bears on the determination whether the petitioner has made the requisite showing." McQuiggin, 569 U.S. at 399. "It would be bizarre to hold that a habeas petitioner who

asserts a convincing claim of actual innocence may overcome the statutory time bar § 2244(d)(1)(D) erects, yet simultaneously encounter a court-fashioned diligence barrier to pursuit of [his] petition." Id. "This rule, or fundamental miscarriage of justice exception, is grounded in the equitable discretion of habeas courts to see that federal constitutional errors do not result in the incarceration of innocent persons." Id. at 392, see also United States v. Jones, 758 F.3d 579, 584 (4th Cir. 2014) (recognizing McQuiggin extended the actual innocence exception to statutory bars such as § 2255(f)(4)).

Examples of the type of new evidence that have been found to satisfy the actual innocence gateway standard are: (1) new DNA evidence and expert testimony "call[ing] into question" the "central forensic proof connecting [the petitioner] to the crime," as well as "substantial evidence pointing to a different suspect," House v. Bell, 547 U.S. 518, 540–41 (2006); (2) "sworn statements of several eyewitnesses that [the petitioner inmate] was not involved in the crime" and affidavits "that cast doubt on whether [the petitioner inmate] could have participated" in the offense, Schlup, 513 U.S. at 331; (3) a third party's consistent and repeated statement that the third party committed the offense, Jones v. McKee, No. 08 CV 4429, 2010 WL 3522947, at *9–10 (N.D. Ill. Sept. 2, 2010); Carringer v. Stewart, 132 F.3d 463, 478–79 (9th Cir. 1997) (finding that the petitioner opened the actual innocence gateway where another person testified under oath that he committed the offense and separately boasted to other individuals that he set-up the petitioner); and (4) documentary evidence indicating that the petitioner was in another country on the day of the offense and five affidavits from individuals stating that the petitioner was outside the country at the precise time of the offense, see Garcia v. Portuondo, 334 F.Supp.2d 446,

452–56 (S.D.N.Y. 2004). See generally Schlup, 513 U.S. at 324 (providing the Supreme Court's statement that examples of sufficient new reliable evidence for a gateway claim include "exculpatory evidence, trustworthy eyewitness accounts, or critical physical evidence").

Maycock has not offered any reliable exculpatory evidence suggesting he is innocent, nor has he given any indication that such evidence exists. Rather, Maycock states that, "Maycock does not have 'judicial jurisdictional capacity' standing to defend as he is not a licensed state species mercantile class of men operating in diversity jurisdictions with 'minimum-contacts' having a 'direct effect' on commerce. 18 U.S.C. § 2522 is a constitutional nullity on Maycock." (Reply at 8). His argument is a nonsensical interpretation of the law which does not suffice as an actual innocence claim. See Jones, 758 F.3d 579, 581 (4th Cir. 2014) (declining to extend McQuiggin holding to a § 2255 movant claiming he was actually innocent of his sentence). Having found no basis for excusing the untimely filing, the Motion to Vacate must be denied.

Lastly, this Court must consider whether Maycock's case merits the issuance of a certificate of appealability. Unless a certificate of appealability is issued, a petitioner may not appeal the court's decision in a § 2255 proceeding. 28 U.S.C. § 2253(c)(1); Fed.R. App.P. 22(b). A certificate of appealability may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); see Buck v. Davis, 137 S.Ct. 759, 773 (February 22, 2017). The petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274. 282 (2004) (citation and internal

quotation marks omitted), or that "the issues presented are adequate to deserve encouragement to proceed further," Miller-El v. Cockrell, 537 U.S. 322, 327 (2003). This Court finds that Maycock has not demonstrated that a certificate of appealability is warranted; therefore, such certificate is declined.

### III.   CONCLUSION

By separate Order which follows, the Motion to Vacate (ECF No. 86) is DENIED; Maycock's Motion for Order to Show Cause (ECF No. 102) is DENIED; and a certificate of appealability is DECLINED.

Entered this 25th day of March, 2024.

                                            _____/s/_____
                                            George L. Russell III
                                            United States District Judge